

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 00 C 3694 | DATE | 11/29/2000 |
| CASE TITLE | Glenview Partners etc. Vs. Plexus Corp. | | |

MOTION: [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Memorandum Opinion and Order

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Defendant has moved to dismiss, contending that there was no contract. It claims that no binding contract was ever agreed upon. The motion is denied. Status hearing set for January 3, 2001 at 9:45am.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | |
|---|---|---|---|
| | No notices required. | number of notices | Document Number |
| | Notices mailed by judge's staff. | | |
| | Notified counsel by telephone. | DEC 0 1 2000 date docketed | |
| ✓ | Docketing to mail notices. | | 13 |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| WAH | courtroom deputy's initials | 00 NOV 30 AM 9:05 | date mailed notice |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

GLENVIEW PARTNERS, an Illinois )
partnership, )
 )
         Plaintiff, )
 )
vs. ) No. 00 C 3694
 )
PLEXUS CORP., a Wisconsin )
corporation, )
 )
         Defendant. )

## MEMORANDUM OPINION AND ORDER

Plaintiff sues for breach of contract, claiming that defendant reneged on the sale and lease of real estate. It asks for specific performance. Defendant has moved to dismiss, contending that there was no contract. It claims that no binding contract was ever agreed upon. The motion is denied.

The written document is described as a Letter of Intent, but that does not end the matter.

> Under Illinois law, courts focus on the parties' intentions to determine whether an enforceable contract comes into being during the course of negotiations, or whether some type of formalization of the agreement is required before it becomes binding. Itek Corporation v. Chicago Aerial Industries, Inc., 248 A.2d 625, 629 (Del. 1968) (applying Illinois law). The fact that some matters may have been left for future agreement does not necessarily preclude a finding of intent to contract during preliminary negotiations. Borg-Warner Corp. v. Anchor Coupling Co., 16 Ill.2d 234, 243-44, 156 N.E.2d 513, 517-18 (1958). Courts look to all of the circumstances surrounding the negotiations, including the actions of the principals both during and after, to determine what the parties intended. Itek, 248 A.2d at 629. The intent of the parties in circumstances such as these is a question of fact, and we will not set aside the fact finder's determination on this issue unless it is clearly erroneous.

A/S Apothekernes Laboratorium v. I.M.C. Chemical Group, Inc., 873 F.2d 155, 157 (7th Cir. 1989).

If the Letter of Intent here unambiguously established that the parties did not intend that a binding agreement would be entered into until a formal contract was executed, defendant could prevail on a motion to dismiss. Magnus v. Lutheran General Health Care System, 176 Ill.Dec. 209, 601 N.E.2d 907 (Ill.App. 1 Dist. 1992); Quake Construction, Inc. v. American Airlines, Inc., 152 Ill.Dec. 308, 565 N.E.2d 990 (Ill. 1990). Further, for specific performance, the agreement requires greater specificity than is normally the case. McCormick Reed Assoc., L.P. II v. Taub, 213 Ill.Dec. 422, 424, 659 N.E.2d 52, 54 (Ill.App. 1 Dist. 1995).

But here the essential terms of both the purchase and the lease are set forth and the defendant cannot point to any "subject to" clause for protection. Indeed, the closest to a "subject to" clause benefits only the plaintiff by permitting it to terminate if it concludes that the contemplated inspection and due diligence disclose matters detrimental to the property. There are other clauses from which defendant can take some comfort in arguing that no valid contract was established. We can hardly conclude, however, that the writing, by itself, unambiguously establishes that it was not a binding agreement.

Defendant also contends that the failure of the plaintiff to tender a $25,000 deposit until November 16, 1999, when the October 25, 1999, Letter of Intent requires deposit upon execution of the letter is a material breach voiding any agreement that may have been made. The complaint, however, does not indicate that the check was rejected or that it was not negotiated; defendant did not seek to terminate the arrangement until January 28, 2000; and that letter made no reference to the check. That is not the stuff of a material breach.

JAMES B. MORAN
Senior Judge, U. S. District Court

Nov. 29, 2000.