# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 3694 | **DATE** | 5/17/2002 |
| **CASE TITLE** | Glenview Partners etc. Vs. Plexus Corp. etc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Memorandum Opinion and Order

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
      ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]   Enter Memorandum Opinion and Order. Defendant's motion for summary judgment, and plaintiff's cross-motion, are denied. Status hearing set for May 28, 2002 at 9:15am.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | MAY 2 0 2002 date docketed | |
| ✓ | Docketing to mail notices. | | | 35 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| WAH | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |



IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| GLENVIEW PARTNERS, an Illinois partnership, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | No. 00 C 3694 |
| PLEXUS CORP., a Wisconsin corporation, | ) ) ) | |
| Defendant. | ) ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Glenview Partners brings this action against defendant Plexus Corporation alleging breach of contract. Now before the court is Plexus' motion for summary judgment and Glenview's cross-motion for partial summary judgment on the issue of liability. For the following reasons, defendant's motion is denied and plaintiff's motion is denied.

## BACKGROUND

Glenview alleges that the parties executed a written contract to sell and buy real estate. Plexus contends that the disputed document, labeled a Letter of Intent by the parties, was not binding. In our prior opinion, we found that that document, on its face, failed to establish that Plexus was not bound. *See* Glenview Partners v. Pexus Corp., 2000 WL 1774100 (12/1/2000). The parties have now submitted a joint statement of stipulated facts and documents, which flushes out the negotiations and circumstances surrounding the formation of the letter of intent.

The parties agree that during the summer of 1999 Plexus entered into an agreement to purchase commercial real estate from Shure, Inc. (Joint Stmt, ¶8). At that time Plexus was already renting portions of the property from Shure. It did not want to own the property as

35

an investment – its intention was to purchase the property, sell it to a third party and then lease it back (¶ 9). Through real estate brokers Glenview was identified as an interested investor in the property.

On October 20, 1999, representatives of Glenview toured the property and were informed that Plexus was not then the owner, but that it was buying the property from Shure (¶ 17). On October 26, 1999, the parties executed a letter of intent regarding the sale of the property from Plexus to Glenview, and the lease-back from Glenview to Plexus. At the time, Glenview understood that Plexus had either purchased the property from Shure or had a contract to purchase and it was their plan to sell it to Glenview (¶ 36).

The letter of intent describes the real estate sale and lease provisions, and provides that the parties will negotiate and enter into these transactions. It requires that, upon signing the letter, Glenview make a good faith deposit into escrow. Glenview was ready and willing to deposit the required money, but was told by Plexus' real estate broker to hold the money until the real estate contract was signed so that they would be in compliance with Illinois real estate law (¶ 43). The letter also contains a provision regarding a 21-day due diligence period, during which Glenview could perform investigations of the property and could terminate the transaction if it found any deficiencies. The due diligence materials were obtained from Shure, sent to Glenview, and received on either October 29 or 30, 1999 (¶ 44). Thereafter, sometime during the first week of November, the parties agreed to extend the investigation period to December 6, 1999.

On November 16, 1999, Plexus advised Glenview, through the real estate brokers, that Shure was reconsidering its sale of the property to Plexus (¶ 49). The next day, however, Glenview sent the good faith deposit amount of $25,000, to be deposited in escrow.. This deposit was subsequently returned to Glenview per Plexus' instructions (¶ 52). Glenview continued its due diligence activities through January 12, 2000 (¶ 53). On January 17, 2000,

Plexus informed Glenview that Shure would not be selling the property to Plexus, effectively terminating the relationship between the parties (¶¶ 62-63).

DISCUSSION

Summary judgment is appropriate only if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). We draw all inferences and view all admissible evidence in the light most favorable to the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). This does not mean there must be no evidence supporting the non-moving party, but rather it is not enough to support a reasonable jury verdict. *Id* at 248. While both parties here have expressed the belief that we should grant judgment without a trial, we are not required to grant either party judgment as a matter of law if neither party has fulfilled the requirements necessary to obtain summary judgment. Brownlee v. City of Chicago, 983 F.Supp. 776, 779 (N.D.Ill. 1997).

Under Illinois law a letter of intent is an enforceable contract if the parties intended it to be binding. Quake Construction, Inc. v. American Airlines, Inc., 141 Ill.2d 281, 287, 565 N.E.2d 990, 993 (1990). If there is no ambiguity in the written document we must derive the parties' intent to be bound from the language of the document alone *(id.* at 288, 994). And, in so doing, we look to factors such as whether the type of agreement involved is one usually put down in writing; whether the details of the transaction are provided; whether the agreement requires a formal writing for the full expression of the promises; and whether the writing indicates that a formal written document was contemplated at the completion of the negotiations. *Id.* Notable in this case is that lack of ownership is not a bar to contracting to

sell property. Crum 99 Ill.App.3d 651, 656.

Here, the document refers to the lease and sales contracts as future, definitive documents. While references to a later formal agreement do not necessarily defeat the parties' intent to be bound, Interway, Inc. v. Alagna, 85 Ill.App.3d 1094, 1098, 407 N.E.2d 615, 618 (1st Dist. 1980), they support a finding that the parties were still in the negotiation stage and had not reached a binding agreement. We also recognize that letters of intent are often commitments to work towards an exchange rather than commitments to the exchange itself. Runnemade Owners, Inc. v. Crest Mortgage Corp., 861 F.2d 1053, 1056 (7th Cir. 1988), *citing* Feldman v. Allegheny International, Inc., 850 F.2d 1217, 1221 (7th Cir. 1988). On the other hand, the parties have described the real estate sale and lease transactions in detail, and there is no "subject to" clause providing for conditions to be met before the writing becomes binding. These factors support the parties' intent to be bound. These conflicting provisions render the document ambiguous as to whether the parties intended to be bound to the real estate transaction upon signing.

If a document is ambiguous as to the parties' intent to be bound, extrinsic evidence can be presented to make that determination. Quake, 141 Ill.2d at 288, 565 at 994. If either party contends that language in a contract creates a condition precedent, that party must show that the parties intended such a condition at the time they entered into the contract. Meyer v. Marilyn Miglin, Inc., 273 Ill.App.3d 882, 890, 652 N.E.2d 1233, 1239 (1st Cist. 1995). Generally, contract interpretation is especially well suited to summary disposition. If a contract is, however, ambiguous, its meaning becomes a question of fact for the fact finder. Dribeck Importers, Inc. v. G. Heileman Brewing Co., 883 F.2d 569, 573 (7th Cir. 1989).

We recognize that the parties agree on many of the facts leading up to the signing of the letter of intent, but, "where competing inferences may be drawn from facts that are otherwise undisputed, summary judgment is improper." Betaco, Inc. v. Cessna Aircraft Co., 32 F.3d 1126, 1128 (7th Cir. 1994). Plexus insists that the parties understood that they were agreeing to negotiate in good faith only, and that the discussions leading up to October 26, 1999, show that both parties understood they had not made a final commitment. Glenview asserts that the communications support the opposite conclusion. Taking into account all of the parties' conduct leading up to the signing of the document, a reasonable jury could find for either party on the question of whether the parties intended to be bound to the real estate transaction.

## CONCLUSION

For the above reasons, defendant's motion for summary judgment, and plaintiff's cross-motion, are denied.

JAMES B. MORAN
Senior Judge, U. S. District Court

May 17, 2002.